## ELLA R. SPILLER *vs.* INHABITANTS OF WOBURN.

The school committee of a town may lawfully pass an order that the schools thereof shall be opened each morning with reading from the Bible and prayer, and that during the prayer each scholar shall bow the head, unless his parents request that he shall be excused from doing so; and may lawfully exclude from the school a scholar who refuses to comply with such order, and whose parents refuse to request that he shall be excused from doing so.

TORT to recover damages for an illegal exclusion of the plaintiff from a grammar school in Woburn.

It was agreed, in this court, that the plaintiff was about thirteen years of age and a member of said school, and had her legal residence in Woburn. Prior to the time of her exclusion from the school, the superintending school committee of the town passed an order that the schools of the town should be opened each morning with reading from the Bible and prayer, and that during the prayer the scholars should bow their heads In consequence, principally, of the objection of the plaintiff's father to the latter portion of this order, the committee afterwards modified it and directed that any scholar should be excused from bowing the head, whose parent requested it. The plaintiff's father declined to request such exemption for her, and directed her not to obey that part of the order; and she, persisting in her refusal to bow her head during prayer, was excluded from the school until she should do so, or her parent should

request that she should be excused therefrom; and this was the exclusion complained of.

The case was reserved, by *Chapman,* J., for the determination of the full court.

*A. F. L. Norris,* for the plaintiff. The plaintiff is entitled to recover damages, unless she was excluded in consequence of some regulation prescribed by law. Gen. Sts. *c.* 41, §§ 3, 9, 11 *St.* 1862, *c.* 57. The power given to the school committee (Gen. Sts. *c.* 38, § 16,) must be exercised reasonably, and with due respect to other provisions of law. *Guernsey* v. *Pitkin,* 32 Verm. 224. The plaintiff's exclusion was on account of her religious opinions, and was in violation of Gen. Sts. *c.* 41, § 9. The order of the committee enjoined upon the plaintiff the necessity of uniting with the teacher, in form and substance, in the prayer. If the plaintiff might be compelled to bow the head, she might also be compelled to kneel, or even to repeat the words of the prayer. And the provision that the plaintiff might be excused from doing so, upon the request of her parent, does not help the matter in the least. The committee had no right to say that the parent should ask as a favor what they had no right to require.

*J. P. Converse,* for the defendants, cited *Donahoe* v. *Richards,* 38 Maine, 379; *Sherman* v. *Charlestown,* 8 Cush. 160.

BIGELOW, C. J. The power of the school committee of a town to pass all reasonable rules and regulations for the government, discipline and management of the public schools under their general charge and superintendence is clear and unquestionable. Gen. Sts. *c.* 38, § 16. *Roberts* v. *Boston,* 5 Cush. 198. *Sherman* v. *Charlestown,* 8 Cush. 160. Equally clear is it that the committee of the town of Woburn did not exceed their authority in passing an order that the Bible should be read and prayer offered at the opening of the schools on the morning of each day. No more appropriate method could be adopted of keeping in the minds of both teachers and scholars that one of the chief objects of education, as declared by the statutes of this commonwealth, and which teachers are especially enjoined to carry into effect, is " to impress on the minds of children and

youth committed to their care and instruction the principles of piety and justice, and a sacred regard for truth." Gen. Sts. *c.* 38, § 10.  *St.* 1862, *c.* 57.  We do not mean to say that it would be competent for a school committee to pass an order or regulation requiring pupils to conform to any religious rite or observance, or to go through with any religious forms or ceremonies, which were inconsistent with or contrary to their religious convictions or conscientious scruples.  Such a requisition would be a violation of the spirit of the clause in the constitution, pt. 1, art. 2, which provides that no one shall be hurt or molested in his person, liberty or estate for worshipping God in the manner and season most agreeable to the dictates of his own conscience ; and it would also be inconsistent with the plain intention of the legislature in providing that no one shall be excluded from a public school on account of religious opinions ; Gen. Sts. *c.* 41, § 9 ; and in requiring that the daily reading of the Bible in public schools shall be without written note or oral comment, and in providing that no pupil shall be called on to read any particular version, whose parent or guardian shall declare that he has conscientious scruples against allowing him to read therefrom.  *St.* 1862, *c.* 57.  Having in view the manifest spirit and intention of these provisions, an order or regulation by a school committee which would require a pupil to join in a religious rite or ceremony contrary to his or her religious opinions, or those of a parent or guardian, would be clearly unreasonable and invalid.

But we are unable to see that the regulation with which the plaintiff was required to comply can be justly said to fall within this category.  In the first place, it did not prescribe an act which was necessarily one of devotion or religious ceremony. It went no further than to require the observance of quiet and decorum during the religious service with which the school was opened.  It did not compel a pupil to join in the prayer, but only to assume an attitude which was calculated to prevent interruption by avoiding all communication with others during the service.  In the next place, the regulation did not require a pupil to comply with tnat part of it prescribing the position of the

head during prayer, if the parent requested a child to be excused from it. This was in analogy to the provision already cited in relation to the reading of a particular version of the Bible, contained in *St.* 1862, *c.* 57, and takes away all ground of objection to the reasonableness and validity of the order.

Under these circumstances, it not appearing that the plaintiff made any objection to a compliance with the regulation except in obedience to the will of her father, we are of opinion that her exclusion from the school was justifiable and furnishes no ground of action.          *Judgment for the defendants.*